HENRY WATERHOUSE TRUST COMPANY, LIMITED, A CORPORATION, *v.* JOHN D. PARIS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 27, 1912.                    DECIDED MARCH 4, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*request to make payment—sufficiency of proof.*

P covenanted that in the event that W should be "held liable by judgment of a court of competent jurisdiction on account of any claim or demand arising out of a certain redelivery bond," describing it, he would "save and hold harmless" the said W "therefrom to the extent of" a sum named. Judgment was rendered against W by a court of competent jurisdiction upon the bond. In an action by A against P upon the covenant, held that a motion for non-suit was incorrectly granted, the evidence being sufficient to support a finding that the judgment was paid by A to the judgment creditor at the request of W and that in consideration of the payment A received from W an assignment of the latter's claim against P.

OPINION OF THE COURT BY PERRY, J.

This is an action to recover $3079.11 upon an agreement executed by the defendant on September 22, 1904, whereby he covenanted that "in the event that A. B. Wood or the Estate of Henry Waterhouse, deceased, shall be held liable by judgment of a court of competent jurisdiction on account of any claim or demand arising out of a certain redelivery bond exe-

cuted by Clinton J. Hutchins, Trustee, as Principal, and said A. B. Wood and said Henry Waterhouse, as Sureties, in a suit pending in the Circuit Court of the First Judicial Circuit, Territory of Hawaii, between W. W. Bierce & Company, Limited, Plaintiff, and Clinton J. Hutchins, Trustee, et al., defendants," he would "save and hold harmless * * * the said A. B. Wood and the said Estate of Henry Waterhouse, deceased, therefrom, to the extent of" the sum above named. In the declaration it is alleged that on March 29, 1911, in the circuit court of the first circuit of the Territory of Hawaii, in the suit of *Bierce* v. *Hutchins* referred to in the agreement, final judgment was rendered against William Waterhouse and Albert Waterhouse, executors of the will of Henry Waterhouse, deceased, for the sum of $36,002.08, that on April 12, 1911, the judgment was fully paid by the plaintiff at the request of the executors, that in consideration of said payment and the consequent discharge of the executors from all liability thereunder the executors assigned all of their claim and right of action against defendant arising out of the agreement and the rendition and payment of the judgment and that defendant has neglected and refused to pay the amount of his undertaking named in the agreement. At the trial a motion for non-suit was granted and the plaintiff excepted.

In support of the order of non-suit it is urged that no proof was presented of the execution of the instrument (assignment) of April 12, 1911, by the Waterhouse Trust Company and that therefore the copy received in evidence was inadmissible. Objection was made at the trial to the admission of the document, but after discussion of the point by court and counsel the attorney for the defendant said, "If the court please, for the purpose of facilitating the trial of this case and getting along with it we will consent that the assignment introduced in evidence be relied upon for the present, with the distinct understanding that if the original can be produced it will be produced;" and the court thereupon admitted the instrument, saying: "Very well,

proceed, Mr. Withington, on the stipulation of counsel for the defendant; there being no objection I understand the document may be admitted as Plaintiff's Exhibit 'E'." The original was not produced and no further attempt was made to have the document excluded. Under these circumstances the assignment must be regarded as having been correctly received.

The contention mainly relied upon to uphold the order is that it appears from the evidence that the plaintiff in paying the judgment was a mere volunteer or at least that the plaintiff did not introduce evidence tending to show that it made the payment at the request of the executors, the judgment debtors, it being conceded by the defendant,—and the law to that effect is clear—that if the payment was at the request of the executors the defendant is liable in this suit upon his undertaking.

The plaintiff's evidence, although meager, was sufficient to support the findings of the following facts: that the judgment was paid by check of the plaintiff delivered to the attorney of the Bierce company; that the payment was made concurrently with or immediately after the execution of the assignment by the executors and its delivery to the plaintiff; that immediately after the payment counsel for the executors received from the attorney for the Bierce company the satisfaction piece for filing in the suit of *Bierce* v. *Hutchins;* and that all of these acts were part of one transaction. The assignment itself, moreover, recites that it was made by the executors "in consideration of the full payment and satisfaction by the Henry Waterhouse Trust Company, Limited, of the judgment" in question and expressly transfers to the plaintiff "all the right which said Executors or the Estate of Henry Waterhouse, deceased, may have to prosecute the same." From the testimony the jury would have been justified in inferring that the payment was at the request of the executors and so also upon the face of the instrument the inference, as a matter of construction, is to the same effect. Whether this implication arising upon the face of the instrument is rebuttable by extrinsic evidence is a question which does

not arise. It is sufficient to say for the purposes of these exceptions that no evidence was adduced tending to rebut the inference. Albert Waterhouse, one of the executors, did, it is true, testify that he had not, as executor, ever requested the plaintiff to pay any part of the judgment, but the witness obviously referred in so answering to an express request. He could not successfully undertake to testify concerning the legal effect of the acts of the parties. Likewise the provisions in the instrument that the assignment was "without recourse in any event to said executors (or either of them) for or on account of any costs, expenses or claim of any kind" and that "the executors do not to any extent warrant the collectability of said claims" (against Paris and others) "or any of them, or the extent of their right, title or interest therein or respecting the same," do not require the construction that plaintiff paid the judgment as a mere volunteer. These were precautions competent for the executors to take and were not inconsistent with a request to the trust company to pay.

It is unnecessary to consider whether in addition to a rendition of a judgment against the executors in the *Bierce* case payment by the executors of that judgment was essential to the accrual of a cause of action upon defendant's undertaking, for upon the present state of the evidence the only showing is that the judgment was paid and at the request of the executors.

Upon the evidence adduced the order for a non-suit is set aside. The exception to the order is sustained and a new trial granted.

*D. L. Withington* (*Castle & Withington* on the brief) for plaintiff.

*C. R. Hemenway* (*Smith, Warren & Hemenway* and *Kinney, Prosser, Anderson & Marx* on the brief) for defendant.